# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DORRIS L.Y. DOOLEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-117-TLS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Dorris L.Y. Dooley, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus [ECF No. 1] attempting to challenge her probation/parole revocation by the Elkhart Superior Court on February 12, 2016, under cause number 20D01-1001-FC-5. However, before a federal district court may grant habeas corpus relief, a petitioner must have exhausted her claims in the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004).

Here, Dooley has not properly presented any claims to the Indiana Supreme Court. She filed a direct appeal, but did not seek transfer to the Indiana Supreme Court. She has not filed a post-conviction relief petition, but she may still do so. Therefore all of Dooley's claims are unexhausted and this Petition must be dismissed without prejudice so that she can pursue them in the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate . . . [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Dooley's direct appeal ended on October 19, 2016, when the Court of Appeals of Indiana

affirmed the trial court. The time for filing a petition to transfer to the Indiana Supreme court expired on November 18, 2016. *See* Ind. R. App. P. 57(C). Therefore the one-year period of limitation for filing a habeas corpus petition will not expire until at least November 20, 2017. *See* 28 U.S.C. § 2254(d)(1)(A). However, when she files a post-conviction relief petition challenging the probation/parole revocation in state court, that will stop the one year clock. *See id.* § 2254(d)(2). Because she has nearly six months left to do so, dismissing this petition will not effectively end her chance at habeas corpus review and a stay would not be appropriate.

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging her to proceed further in federal court until she has exhausted her claims in state court. Thus, a certificate of appealability must be denied. For the same reasons, she may not appeal in forma pauperis because an appeal could not be taken in good faith.

For the foregoing reasons the Court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11 and leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED on May 30, 2017.

                                                              s/ Theresa L. Springmann
                                                               CHIEF JUDGE THERESA L. SPRINGMANN
                                                               UNITED STATES DISTRICT COURT